Dwinel *v.* Veazie.

---

(*) Dwinel, *in Equity, versus* Veazie.

A trustee of real estate, when required by a court of equity to convey to the *cestui que trust*, is bound to insert in the conveyance a covenant of warranty against persons claiming under himself.

By a conveyance of land to one, upon a valuable consideration paid by another, an equitable trust is created.

In order to the creation of such a trust, it is immaterial at what time or in what mode the consideration was paid to the grantor.

ON REPORT from *Nisi Prius*, APPLETON, J., presiding.

BILL IN EQUITY. The hearing was upon bill, answer and proof.

It appeared that Dwinel, being indebted to the Commercial Bank, conveyed to them, in 1839, several parcels of land, and took back a bond for a re-conveyance on payment of the debt.

The bank having received payment conveyed the land, in Sept. 1843, at Dwinel's request, to Veazie, who gave his bond to reconvey on performance of certain conditions. In December, 1843, Veazie, at Dwinel's request, conveyed several pieces of the land to M. P. Sawyer, an acknowledgment of which was indorsed on Veazie's bond.

In 1845, Dwinel had performed all the conditions and requirements of that bond, to the satisfaction and acceptance of Veazie, and in 1846, Veazie conveyed by deed to Dwinel all the residue of the lands, except two stores on Main Street in Bangor, and Dwinel, supposing the deed conveyed all the lands which Veazie was bound to convey, gave up the bond to be canceled. Afterwards, on discovering the omission, he demanded of Veazie a conveyance of the two stores, which Veazie refused to give.

The bill prays that Veazie may be compelled to make such a conveyance.

In Veazie's answer, he denied his obligation to convey, but afterwards, upon inspection of the proofs, he filed a supplemental answer, in which he admitted Dwinel's right to a conveyance of the stores, and filed with the clerk a release of them, though without any covenants against persons claiming under him.

The above mentioned conveyance to Sawyer was made to secure to him a debt due from Dwinel; and Sawyer gave a bond, that when his debt should be paid, he would reconvey, and that bond is lost. Whether the bond was to Veazie or Dwinel, none of the parties can remember. Dwinel paid the debt to Sawyer, who thereupon reconveyed the land to Veazie, of whom Dwinel demanded a conveyance to himself, which was refused.

The bill prays that Veazie may be compelled to make such a conveyance.

Veazie, in his answer, denies his legal obligation to convey these lots, because the obligation of the bond, so far as these lots were involved, was discharged by the deed to Sawyer, and no new obligation had been assumed.

He yet admits his moral obligation to make such conveyance, and expresses his willingness to do so, whenever the plaintiff shall perform a like moral obligation or trust toward him, which he alleges has grown out of another transaction, and of which he has no legal proof to enable him to enforce his claim at law. This claim he alleges to be $1500, and says that Dwinel denies the claim, and refuses to pay any thing on that account. The particular grounds of this claim are set forth in the answer, but no proof was offered of the truth of the statements there made. The statements of the answer, upon this point, are not responsive to any allegations made in the bill.

*Rowe & Bartlett*, for the plaintiff.

*A. W. Paine*, for the defendant.

SHEPLEY, C. J. — The defendant, at the time of trial, presented a supplementary answer admitting, that the plaintiff would be entitled to a conveyance of the stores and lots, if he were not morally authorized to retain them to induce the plaintiff to do him justice in a matter in which he has no legal means to compel him to do it.

This matter in defence wholly fails, there being no proof to sustain it.

By the written acknowledgment of the plaintiff, indorsed upon the back of the bond made by defendant to him, it appears, that the defendant conveyed the lots to M. P. Sawyer by the request of the plaintiff. The obligation of the bond having been thereby performed it was extinguished, and could not be revived by a subsequent conveyance from Sawyer to the defendant.

The report of the case states, that the debt due to Sawyer,

for the security of which he held the lots, was fully paid by the plaintiff; and that Sawyer conveyed them to the defendant to perform his obligation to convey to the plaintiff or to him.

The defendant appears to hold the estates by a conveyance from Sawyer, for which he has paid nothing, and for which the plaintiff has fully paid. The law regards the defendant as holding them in trust for the plaintiff.

It is objected, that a resulting trust arises only from payment of the purchase money, and that the plaintiff only paid an old debt due from him to Sawyer.

The principle, upon which one person is regarded as holding estates for another by a resulting trust is, that the other has paid for the estate so conveyed. It is not material in what manner payment was made to the grantor. It is sufficient, that it was made in such manner as to induce him to convey.

An objection is made by the counsel for the plaintiff, that the conveyance offered by the defendant, did not contain any covenant against titles or rights acquired under him. It should contain the usual covenant against any such right or title.

The plaintiff is entitled to a decree for a conveyance of the stores by such a deed, and also for a like conveyance of the lots, and for costs.

TENNEY, RICE, HATHAWAY and APPLETON, J. J., concurred.

